IN THE DISTRICT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| ATTORNEY DOE<br>　　　　　　Petitioner,<br>v.<br><br>OFFICE OF DISCIPLINARY COUNSEL<br>OF THE SUPREME COURT OF THE<br>VIRGIN ISLANDS and KATHRYN DONNELLY,<br>in her capacity as Special Designated<br>DisciplinaryCounsel,<br><br>　　　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. _____<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR WRIT PURSUANT TO 28 U.S.C §1651

NOW COMES, Attorney Doe, by and through undersigned counsel, and hereby respectfully requests this Court issue its writ directing the Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands ("Office of Disciplinary Counsel") and Special Designated Disciplinary Counsel Kathryn Donnelly ("SDC Donnelly"), take such action as identified in the *ad damnum*, or refrain from action as the case may be, in Confidential Case Nos. 2023-13, 2023-18 and 2023-23 pending before the Office of Disciplinary Counsel.

## JURISDICTION

1. Attorney Doe is the Respondent named in confidential case Nos. 2023-13, 2023-18 and 2023-23 ("ODC Cases") presently pending before the Office of Disciplinary Counsel. At all relevant times, Attorney Doe has been and remains a citizen and resident of the State of Texas. The identity of

Attorney Doe in the context of the ODC Cases and the present matter is confidential.

2. The ODC Cases are being investigated and administered by SDC Donnelly. Upon information and belief, SDC Donnelly is not a regularly admitted member of the Virgin Islands Bar but rather, is acting under a special admission. At all relevant times, SDC Donnelly has been and remains a citizen and resident of the State of New York.

3. The Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands is a division of the judicial branch of the Government of the Virgin Islands located at St. Croix, United States Virgin Islands.

4. As a result of the action(s) or inaction(s) of the Office of Disciplinary Counsel and/or SDC Donnelly as alleged herein, Attorney Doe has been deprived of the rights, privileges and immunities to which she is entitled by law, has been denied the due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and has otherwise suffered damages in excess of $75,000 in that such action(s) or inaction(s) have prejudiced and so damaged her personal and professional status that she has been deprived of employment and otherwise incurred expenses that would not be incurred but for the alleged action/inaction of the Office of Disciplinary Counsel and/or SDC Donnelly.

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1332, 42 U.S.C. §1983, 48 U.S.C. §1561, the Revised Organic

Act of 1954 and relevant provisions of the Virgin Islands Code, as the alleged violations present a question of federal law and there is complete diversity of citizenship amongst the parties and the amount of damages is greater than U.S. $75,000.

6. This Court has personal jurisdiction over the Office of Disciplinary Counsel as said respondent is within the geographic jurisdiction of the Court.

7. This Court has personal jurisdiction over SDC Donnelly as the conduct of said respondent in connection with her role as Special Designated Counsel satisfies the "minimum contacts" test of International Shoe Company v. Washington, 326 U.S. 310 (1945).

8. This Court has statutory authority to issue the requested writ pursuant to 28 U.S.C. §1651 as the matter at issue is of public importance, concerns a willful disregard of the law of the Virgin Islands which has irreparably harmed Attorney Doe and there is no reasonable alternative available for Attorney Doe to obtain the necessary requested relief.

## FACTS AND UNDERLYING PROCEEDINGS

9. Attorney Doe is a regularly admitted to practice law as an attorney in the Virgin Islands.

10. SDC Donnelly has been appointed by the Supreme Court of the Virgin Islands, Office of Disciplinary Counsel to investigate and administer complaints received by the Office of Disciplinary Counsel concerning the

practice of law in the Virgin Islands. SDC Donnelly presently administers the ODC Cases.

11. By letter dated July 19, 2023, the Virgin Islands Office of Disciplinary Counsel by SDC Donnelly, notified Attorney Doe of an April 3, 2023 complaint (Confidential Case No. 2023-13) filed by Complainant X naming Attorney Doe as respondent.

12. By letter dated July 19, 2023, the Virgin Islands Office of Disciplinary Counsel, by SDC Donnelly, notified Attorney Doe of a May 10, 2023 complaint (Confidential case No. 2023-18) filed by Complainant Y naming Attorney Doe as respondent.

13. By letter dated August 8, 2023, the Virgin Islands Office of Disciplinary Counsel, by SDC Donnelly, notified Attorney Doe of a May 17, 2023 complaint (Confidential case No. 2023-23) filed by Complainant Z naming Attorney Doe as respondent.

14. The Rules of the Supreme Court of the Virgin Islands mandate that upon receipt of a complaint such as alleged *supra*, SDC Donnelly is to "screen" and "evaluate" such complaint to determine, as an initial matter, if the complaint, "on its face," establishes a "reasonable inference of misconduct regarding **the practice of law in the Virgin Islands.**" V.I.S.CT.R. 203(c)(5)(emphasis added).

15. At all times relevant to the allegations of the ODC Cases, Complainants X, Y and Z were all residential neighbors or former residential neighbors of Attorney Doe **in the State of Texas.**

16. All of the allegations in the ODC Cases concern <u>social</u> conduct, events or activities that occurred <u>**in the State of Texas.**</u>

17. There is no allegation in any of the ODC Cases that concern any alleged misconduct in connection with any legal or lawyer related services provided by Attorney Doe either within or outside the Virgin Islands.

18. The allegations of the ODC Cases, "on their face," do not concern or involve or even remotely suggest any connection to "the practice of law in the Virgin Islands." The allegations concern only social conduct and activities amongst residential neighbors **in the State of Texas.**

19. The allegations of the ODC Cases, "on their face" do <u>not</u> support the asserted jurisdiction of the Office of Disciplinary Counsel since the allegations do not involve or even concern **"the practice of law in the Virgin Islands."**.

20. The allegations of the ODC Cases, "on their face," are "[insufficient] to raise [any] reasonable inference of misconduct" on the part of Attorney Doe.

21. By letters dated October 20 and 22, 2023, former counsel for Attorney Doe responded to the allegations of the ODC Cases with a detailed explanation of the actual <u>purely social</u> conduct and events and otherwise asserted that the conduct complained of was "entirely unrelated to [Attorney Doe's] ethics

or capacity as an attorney." Counsel further stated that Attorney Doe "is an accredited attorney by the Department of Veterans Affairs. [Attorney Doe] specializes in VA disability benefits, representing veterans and their surviving spouses before the Department of Veteran's Affairs Regional Office."

22. The October 20 and 22, 2023 letters by former counsel for Attorney Doe included documents generated and produced by municipal authorities in the State of Texas. In particular, SDC Donnelly was provided with a formal statement by an investigating police sergeant that included the following statements:

   a) The police sergeant was involved with investigating a "neighborhood dispute" between Attorney Doe and Complainants X, Y and Z.

   b) The police sergeant spoke with Attorney Doe "dozens of times and always found her to be truthful and forthright."

   c) Complaints by Attorney Doe "were never without merit," the police sergeant "never [knew] her to file a false report," Attorney Doe "never falsified anything," "was always truthful" and the police sergeant "always found her to be trustworthy and completely honest in all of her dealings."

23. By letter dated August 9, 2023, SDC Donnelly informed Attorney Doe that "additional information" had been received from Complainant X concerning a "PPP loan allegedly received by [Attorney Doe] in connection with a law practice you had at your residence in Texas."

24. Although the complaints received by the Office of Disciplinary Counsel did not include any allegation concerning any "PPP" loan, on October 30, 2023,

SDC Donnelly issued a letter directing Attorney Doe to provide specific itemized information concerning details of a PPP loan SDC Donnelly claimed was received by Attorney Doe.

25. On or about November 27, 2023, counsel for Attorney Doe spoke with SDC Donnelly by telephone to generally discuss the underlying circumstances of the ODC Cases and to "meet and confer" concerning the "PPP loan" information that SDC Donnelly demanded. Counsel for Attorney Doe informed SDC Donnelly that there was no complaint about any PPP loan and therefore, the request for PPP loan information was improper. Moreover, the PPP loan information that SDC Donnelly had already obtained was only a printout of generally available online information and did <u>not</u> include any information that might even remotely suggest any professional misconduct[1] by Attorney Doe. At the conclusion of the November 27, 2023 telephone conference, counsel for Attorney Doe requested that SDC Donnelly dismiss the ODC Cases as the allegations did not support any jurisdiction by Office of Disciplinary counsel but rather, concerned only petty bickering between neighbors that occurred **in the State of Texas**, <u>not the Virgin Islands</u>, and did <u>not</u> support any "grounds for discipline" as recognized at V.I.S.CT.R. 207.7. SDC Donnelly rejected the request for dismissal without providing any explanation.

---

[1] See V.I. S.Ct. R. 207.7.

26. In the course of the November 27, 2023 telephone conference, counsel for Attorney Doe further informed SDC Donnelly concerning the details of "the law practice" that SDC Donnelly claimed Attorney Doe was conducting at her "residence in Texas." That is, SDC Donnelly was informed that Attorney Doe is accredited by the U.S. Department of Veterans Affairs to represent veterans before agencies of the federal government. Attorney Doe specializes in veteran's disability benefits, representing veterans and their surviving spouse before the Department of Veteran's Affairs Regional Offices, Board of Veteran's Appeals, and the Court of Appeals for Veterans Claim. Attorney Doe is authorized to practice as an attorney for veterans from any location in the United States, the District of Columbia and the U.S. territories. *Sperry v. Florida*, 373 U.S. 379 (1963). Attorney Doe does not practice any law outside her accredited status. Attorney Doe is not a regularly admitted attorney in the State of Texas.

27. At the conclusion of the November 27, 2023 telephone conference, with SDC Donnelly rejecting the request for dismissal, counsel for Attorney Doe informed SDC Donnelly that Attorney Doe would request that the Co-Chairs of the Board on Professional Responsibility issue a protective order protecting Attorney Doe from the disclosure of any "PPP loan" information.

28. On November 27, 2023, SDC Donnelly, knowing the true and proper nature of Attorney Doe's veteran's advocacy activities in Texas as had been previously explained by counsels for Attorney Doe, filed a formal written

complaint to the Unauthorized Practice of Law Committee ("Texas UPL Committee") of the Supreme Court of Texas and incorrectly and wrongfully informed the Texas UPL Committee that Attorney Doe was practicing law in the State of Texas although "the respondent was not authorized to practice . . ." The information so communicated by SDC Donnelly was inaccurate and included the improper transmission of confidential information. The Office of Disciplinary Counsel and SDC Donnelly intentionally and wrongfully communicated the inaccurate information to either circumvent the established attorney disciplinary scheme administered by the Office of Disciplinary Counsel or to maliciously injure and cause damage to Attorney Doe.

29. On November 29, 2023, counsel for Attorney Doe submitted a *Motion for Protective Order* to the Co-Chairs of the Board on Professional Responsibility the purpose of which was to protect Attorney Doe from the improper demand for PPP information by SDC Donnelly. Thereafter, SDC Donnelly filed an *Opposition* to the *Motion* and Attorney Doe filed a *Reply* in support of the Motion.

30. In the *Opposition to Respondent's Request for Protective Order* dated December 13, 2023, SDC Donnelly makes several significant contradictory statements. Those statements include: 1) "on its face, [the PPP loan document] shows that Respondent was practicing law in Texas without a license," and 2) **"whether [Attorney Doe] was actually practicing in**

**Texas . . . is uncertain without reviewing [the requested PPP loan application."** These statements by SDC Donnelly confirm that as of December 13, 2023, SDC Donnelly had improperly concluded that the complaints alleging only neighborhood infighting in the State of Texas "on its face, is sufficient to raise a reasonable inference of misconduct . . .", and that the PPP loan information in her possession showed that Attorney Doe "was practicing law in Texas without a license." Critically, in her *Opposition*, SDC Donnelly candidly admitted that she was uncertain as to whether Attorney Doe "was actually practicing in Texas."

31. By email dated January 18, 2024, counsel for Attorney Doe again communicated to SDC Donnelly that the ODC Cases should be dismissed since the allegations clearly did not, "on their face," support jurisdiction (**no allegation of the practice of law in the Virgin Islands**) or "raise [any] reasonable inference of misconduct or incapacity." SDC Donnelly again rejected the request.

32. On January 23, 2024, the co-chairs of the Board on Professional Responsibility issued their *Order* on the *Motion for Protective Order* by Attorney Doe. The Co-Chairs granted, in part, Attorney Doe's request for a protective order directing that Attorney Doe was protected from compelled disclosure of information concerning the claimed PPP loan. The request was denied as it pertained to any request for Attorney Doe's general financial information since, as the Co-Chairs correctly noted, such

information was not being sought. In their 8-page *Order*, the Co-Chairs recognized several significant facts:

    a) Complainant X did <u>not</u> allege that he was a client of Attorney Doe or that he had ever consulted her about potential representation or that the complained of conduct relates to any advice or legal representation furnished by Attorney Doe in connection with any proceeding in the Virgin Islands.

    b) As of November 29, 2023, "the matter had not been assigned to a Hearing Panel, or indeed, to a Preliminary Review Committee."

    c) The ODC Cases are being handled as "addressing potential misconduct" and **<u>not</u> the unauthorized practice of law**.

    d) The PPP loan information request by SDC Donnelly could not be justified in connection with any alleged unauthorized practice of law in Texas by Attorney Doe since the Office of Disciplinary Counsel, including SDC Donnelly, is <u>not</u> authorized "to investigate whether a member of the Virgin Islands Bar has engaged in the unauthorized practice of law in another jurisdiction."

    e) There is no basis to conclude that the Office of Disciplinary Counsel has authority to investigate potential dishonesty of a lawyer that is unrelated to the practice of law in the Virgin Islands.

    f) The "misconduct" that the Office of Disciplinary Counsel is empowered to investigate is defined in the Virgin Islands Rules of Professional Conduct, namely, V.I.S.CT.R. 207.7.

    g) The information in the record is insufficient to support a "potential violation" of the Virgin Islands Rules of Professional Conduct.

33. On or about February 27, 2024, Attorney Doe received letter notification of an investigation by the Unauthorized Practice of Law Committee of the Supreme Court of Texas in connection with a complaint against Attorney Doe alleging the unauthorized practice of law in Texas.

34. As alleged *supra,* the complaint before the Texas UPL Committee was submitted by SDC Donnelly.

35. By letter dated April 29, 2024, the Texas UPL Committee informed Attorney Doe that its investigation of the complaint by SDC Donnelly was "clos[ed]" without any action taken by the Texas UPL Committee.

36. As a result of the failure of the Office of Disciplinary Counsel and SDC Donnelly to properly investigate, administer and process the ODC Cases as mandated by the Rules of the Supreme Court of the Virgin Islands, on May 10, 2024, Attorney Doe filed a *Petition to Disqualify Virgin Islands Disciplinary Counsel* in the Supreme Court of the Virgin Islands. The proceeding is identified as SCT-MISC-2024-0010 on the docket.

37. On June 7, 2024, Attorney Doe filed an *Amended Petition to Disqualify Virgin Islands Disciplinary Counsel* the purpose of which was to redact certain confidential information (identity) erroneousl included in the May 10, 2024 *Petition.* Additionally, Attorney Doe filed a *Motion to Remove or Seal May 8, 2024 Petition* for in SCT-MISC-2024-0010 to protect disclosure of the unredacted information.

38. On June 11, 2024, Attorney Doe filed a *Motion for Ruling* that requested that the Supreme Court take action on the *Petition* considering that neither the Office of Disciplinary Counsel nor SDC Donnelly had filed any responsive pleading to the *Petition.*

39. Despite the repeated efforts by Attorney Doe over the past year to move the baseless, indeed frivolous, disciplinary proceedings forward; as of the date hereof, there has not been any action by the Supreme Court of the Virgin Islands, the Office of Disciplinary Counsel or SDC Donnelly.

40. The Supreme Court of the Virgin Islands has failed to offer any indication of addressing the relief sought by Attorney Doe and the Office of Disciplinary Counsel and SDC Donnelly have failed and refused to take any action to process the ODC Cases in accordance with the law.

41. The action/inaction by Office of Disciplinary Counsel and SDC Donnelly have been accomplished in bad faith. Such acts of bad faith include, but are not limited to: refusing all requests to dismiss this matter although there is no jurisdiction since there is no allegation concerning any practice or provision of legal service in the Virgin Islands as recognized by the Co-Chairs of the Board on Professional Responsibility, refusing to dismiss this matter in the face of the unavoidable conclusion that an initial "screen" and "evaluation" of the complaints "on their face" do not even suggest any activity or event that could reasonably support a "reasonable inference" that Attorney Doe engaged in "misconduct" as governed by the Rules of the Supreme Court of the Virgin Islands, and submitting, without mandate or authority, a false report of the unauthorized practice of law **in the State of Texas** while knowing the true particulars of the activities of Attorney Doe in Texas.

**WHEREFORE,** Attorney Doe respectfully requests that this Court issue its writ:

(i) Directing that all proceedings in the instant matter maintain as confidential, the identity of Attorney Doe; and

(ii) Direct that the Office of Disciplinary counsel dismiss the complaints in each of the ODC cases for lack of jurisdiction; or in the alternative

(iii) Direct that the Special Designated Disciplinary Counsel Kathryn Donnelly be disqualified from investigating, administering, prosecuting or in any manner handling the ODC Cases; and

(iv) Direct that, pursuant to Rule 207 of the Rules of the Supreme Court of the Virgin Islands, the Office of Disciplinary Counsel immediately properly screen and evaluate each of the complaints received in the ODC Cases and issue a written determination to this Court, under seal, and Attorney Doe as to whether the complaints, or any one of them, on its respective face, include sufficient allegation to raise a reasonable inference of misconduct. If not, then the Office of Disciplinary Counsel shall immediately dismiss such complaints in the ODC Cases; and

(v). In such case that the Office of Disciplinary Counsel might conclude that the complaint "on its face" in any of the ODC Cases raises a reasonable inference of "misconduct," then the Office of Disciplinary Counsel shall process the complaint(s) to conclusion in a timely and reasonable manner pursuant to the Rules of the Supreme Court of the Virgin Islands and, in any event, shall

conclude all proceedings in the Office of Disciplinary Counsel within three (3) months of the date of writ; and

(v) Within thirty (30) days of the date of issuance of writ, the Office of Disciplinary Counsel and SDC Donnelly shall provide a complete copy of all documents, hardcopy, digital or otherwise, received, generated or maintained in connection with the ODC Cases.

Respectfully submitted,

Bruce P. Bennett
63 Calhoun Street
Washington Depot, CT 06794
T: (475) 206-1199
F: (475) 207-0117
V.I. Bar #512
bpb@brucebennettlaw.com