IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| **ATTORNEY DOE,**<br><br>　　　　　　　　　**Petitioner,**<br><br>　　v.<br><br>**OFFICE OF DISCIPLINARY COUNSEL OF THE SUPREME COURT OF THE VIRGIN ISLANDS and KATHRYN DONNELLY, in her capacity as Special Designated Disciplinary Counsel,**<br><br>　　　　　　　　　**Respondents.** | **Civil No. 1:24-cv-00020** |

**MOTION TO UNVEIL ATTORNEY DOE**

　　Come now the Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands and Special Designated Disciplinary Counsel Kathryn Donnelly, herein after the ODC Parties, and move this Honorable Court to unveil the true identity of the Petitioner.

**DISCUSSION**

　　Petitioner herein filed the instant action under the pseudonym of Attorney Doe, without the permission of the Court or a request to do so. Proceeding under a pseudonym violates "one of the essential qualities of a Court of Justice." *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829); *Nixon v. Warner Commc'ns*, 435 U.S. 589, (1978). *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). That quality is that court proceedings should be public. *Id*.

　　To that end, FRCP 10(a) and FRCP 17(a)(1) require that parties to a lawsuit identify themselves by name in the title of the complaint. FRCP 10(a) ("The title of the complainant must name all the parties…."), FRCP 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.") This is not only an important aspect of the public nature of the action, *Doe v.*

*Attorney Doe v. Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands, et al.*
Civil No. 1:24-cv-00020
Motion to Unveil Attorney Doe

*Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997), but also fulfills the right of the public to know who is using their courts and the defendant's right to confront their accusers. *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Simply put, the use of pseudonyms is contrary to the common law right of access to judicial proceeding. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Cited in *Megless*, *supra*.

Proceeding under a pseudonym is not expressly permitted under Federal Rule of Civil Procedure 10(a). However, "in exceptional cases courts have allowed a party to proceed anonymously." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Whether a party is allowed to proceed under a pseudonym is discretionary and subject to review for "an abuse of that discretion." *Homesite Ins. Co. of the Midwest v. Ewideh*, No. 1:22-cv-1664, 2023 U.S. Dist. LEXIS 13727 at *3-4 (M.D. Pa. Jan. 26, 2023). *T.D.H. v. Kazi Foods of N.J., Inc.*, No. 5:23-cv-00634-JMG, 2023 U.S. Dist. LEXIS 131748, at *3 (E.D. Pa. July 31, 2023). However, the court's permission is required before proceeding in such a manner. *Id*. at *3.

The Third Circuit has determined that mere fear of suffering embarrassment is not sufficient cause to utilize a pseudonym. *Doe v. C.A.R.S. Protection Plus, Inc*., 527 F.3d 358, 371 n.2 (3d Cir. 2008). "When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." (internal citations omitted). *Megless*, at 408.

2

*Attorney Doe v. Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands, et al.*
Civil No. 1:24-cv-00020
Motion to Unveil Attorney Doe

The Third Circuit has also endorsed the use of the nine-prong test set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) which district courts in the Circuit had used for over 15 years at the time of its adoption. *Megless, Supra*.

This test which requires consideration of a number of factors beyond the initial inquiry is apparently still the standard employed in this Circuit:

> In *Doe v. Megless*, we set out the test—applied by the District Court in this case—that applies when a litigant moves to proceed anonymously, usually under a pseudonym. *Megless*, 654 F.3d at 408. We noted that, to prevail on such a motion, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). We further indicated that once a litigant makes this initial showing, "district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* In this balancing test, there are several factors that would favor the grant of anonymity and several that would disfavor it.

*United States v. Janssen Therapeutics*, 795 F. App'x 142, 144-45 (3d Cir. 2019).

Exceptions by courts to allow litigation under pseudonyms have been found "in cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" *Doe v. First Advantage Background Servs. Corp.*, Civil Action No. 23-647-CFC, 2024 U.S. Dist. LEXIS 49132, at *2 (D. Del. Mar. 20, 2024) (citation omitted). No such severe harm is presented here.

In a recent decision, the 3d Circuit has stated that neither the possibility of embarrassment nor economic harm is sufficient to satisfy the *Megless* test. *Doe v. Univ. of Pa.*, No. 23-1613, 2024 U.S. App. LEXIS 12555 (3d Cir. May 24, 2024). This not only affirms the continued viability of the test set forth in *Megless* but also reenforces the requirements of Rule 10(a) and highlights the Petitioner's absolute failure to comply with basic requirements of the Court by proceeding under a pseudonym without requesting the permission of the Court to do so. This failure leaves both the

3

*Attorney Doe v. Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands, et al.*
Civil No. 1:24-cv-00020
Motion to Unveil Attorney Doe

ODC Parties and the Court at a disadvantage where neither is aware of the rationale behind this action and neither has been given the opportunity to weigh-in on the issue.

    Other courts have also made clear that the burden is on the Plaintiff to provide evidence in support of a specific injury present in her petition for anonymity beyond her own self-serving conclusory statements or speculation. "(Courts require 'direct evidence linking disclosure of [plaintiff's] name to a specific . . . injury.' *Doe v. Gong Xi Fa Cai, Inc.*, 2019 U.S. Dist. LEXIS 114919, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019))". *Doe v. Combs*, *7. "[I]t is well-established that counsel's 'conclusory statements and speculation' about mental harm to Plaintiff are insufficient. *Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019); *see Branca USA, Inc.*, 2022 U.S. Dist. LEXIS 124177, 2022 WL 2713543, at *4; *Doe v. Freydin*, 2021 U.S. Dist. LEXIS 208637, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (ruling that plaintiff's 'own affidavit' about her risk of mental harm, without more, was 'insufficient')." *Doe v. Combs*, at *8. The same can be said of Counsel's conclusory statements in the Petition filed herein.

    In this matter, the Plaintiff's prior filings where voluntarily identification took place, along with the identifying information provided in this matter and with the other factors stated being unaddressed, weigh heavily against an anonymous filing. *T.D.H.* at *11.

    In *Doe v. Police Officer of the Solebury Pa.*, No. 17-2268, 2018 U.S. Dist.at *1, LEXIS 214155 (E.D. Pa. Dec. 20, 2018), the Court *sua sponte,* and without fanfare, unveiled the Plaintiff in its Memorandum Opinion for failure to file a motion requesting permission to proceed under a pseudonym prior to doing so. Given the foregoing, such an order is also appropriate herein.

4

*Attorney Doe v. Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands, et al.*
Civil No. 1:24-cv-00020
Motion to Unveil Attorney Doe

## CONCLUSION

Based on the foregoing, the ODC Parties request that the Court orders the Petitioner to file an amended Petition identifying the true name of the Petitioner.

**RESPECTFULLY SUBMITTED**,

Dated:  November 20, 2024

/s/Paul L. Gimenez
Paul L. Gimenez, Esq., Bar #225
General Counsel
Judicial Branch of the V.I.
P.O. Box 70
St. Thomas, VI 00804
Telephone: (340) 693-6420
paul.gimenez@vicourts.org
*Attorney for Respondents*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of November 2024, I caused a true and exact copy of the foregoing to be served through the Court's electronic filing system, via email upon the registered parties.

/s/ Paul L. Gimenez, Esq.