**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| ATORNEY DOE,<br><br>                **Petitioner,**<br><br>v.<br><br>OFFICE OF DISCIPLINARY COUNSEL OF THE SUPREME COURT OF THE VIRGIN ISLANDS, and KATHRYN DONNELLY, in her Capacity as Special Designated Disciplinary Counsel,<br><br>                **Respondents.** | 1:24-cv-00020-WAL-EAH |

**TO:**    Attorney Doe, *Pro Se*
          H. Marc Tepper, Esq.
          Paul I. Gimenez, Esq.

**ORDER**

**THIS MATTER** comes before the Court on a "Motion to Unveil Attorney Doe," filed on November 20, 2024 by the Office of Disciplinary Counsel ("ODC") of the Supreme Court of the Virgin Islands, and Kathryn Donnelly, in her capacity as Special Designated Disciplinary Counsel ("Respondents"), Dkt. No. 38; a Motion for Leave to Proceed Pseudonymously, filed on December 4, 2024 by Petitioner, Attorney Doe; and a Motion to File Sur-Response filed by Petitioner Doe on January 13, 2025, Dkt. No. 89. For the reasons that follow, the Court will: deny the Respondents' Motion to Unveil; deny without prejudice Petitioner's Motion to Proceed Pseudonymously; and deny Petitioner's Motion to File a Sur-Response.

**BACKGROUND**

    **A.  The Petition**

On September 5, 2024, Attorney Doe, appearing pro se, filed a complaint in this court—styled as a "Petition for Writ Pursuant to 28 U.S.C. § 1651"—against the Respondents. Dkt. No.

*Doe v. Office of Disciplinary Counsel*
1:24-cv-00020-WAL-EAH
Order
Page 2

1. At issue were three confidential cases currently pending before the ODC[1] involving Attorney Doe (Confidential Case Nos. 2023-13, 2023-18, and 2023-23—the "ODC Cases"). Respondent Donnelly was investigating and administering the ODC Cases as Special Designated Disciplinary Counsel. *Id.* at ¶¶ 1-2. Attorney Doe alleged that he was admitted to practice law in the Virgin Islands. *Id.* ¶ 9. Respondents notified him of the three complaints against him underlying those cases in 2023. *Id.* ¶¶ 11-13. The complainants were all current or former residential neighbors of Attorney Doe in Texas; the complaints concerned social conduct that occurred in Texas and did not suggest any misconduct in the Virgin Islands or connection to the practice of law in the Virgin Islands. *Id.* ¶¶ 15-18. The ODC, Donnelly, and the Supreme Court of the Virgin Islands have not taken any action to process the ODC Cases. *Id.* ¶¶ 39-40. As relief, Attorney Doe asked the district court to, inter alia, direct that: all proceedings in this matter be confidential, including his identity; the ODC dismiss the cases for lack of jurisdiction or, in the alternative, direct that Donnelly be disqualified from prosecuting the cases; the ODC properly screen and evaluate the complaints and issue a written determination under seal as to whether they included sufficient allegations to raise a reasonable inference of misconduct: if not, that the complaints be dismissed; if the complaints are not dismissed, they should be processed and concluded within three months of the date of the writ. *Id.* p. 14.

The Respondents filed a motion to dismiss and for abstention. Dkt. No. 35.

B. **Motion to Unveil Attorney Doe**

On November 20, 2024, the Respondents filed a Motion to Unveil Attorney Doe. Dkt. No. 38. They argued that Federal Rules of Civil Procedure 10(a) and 17(a)(1) required that parties to a lawsuit identify themselves by name in the title of the complaint as furthering the public

---

[1] The Office of Disciplinary Counsel of the Supreme Court of the Virgin Islands "is a division of the judicial branch of the Government of the Virgin Islands located at St. Croix, United States Virgin Islands." Dkt. No. 1 ¶ 3.

nature of all actions and the common law right of access to judicial proceedings. *Id*. at 1-2. Proceeding under a pseudonym was allowed in exceptional cases; however, a court's permission was required before proceeding in such a manner. *Id.* at 2. The Respondents add that fear of suffering embarrassment was not sufficient to proceed via pseudonym and courts have allowed this relief "in cases involving abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id*. at 2, 3. These elements are not at issue here, and Respondents are at a disadvantage because they do not know the rationale behind Petitioner's action. *Id*. at 3-4.

Respondents referred in passing to a nine-factor test set forth in *Doe v. Provident Life & Accident Insurance Company*, 176 F.R.D. 464, 467 (E.D. Pa. 1997), to assess whether litigants could proceed under a pseudonym.[2] *Id.* at 3. They cited *Doe v. A Police Officer of the Solebury, Pa. Police Department*, No. 17-2268, 2018 WL 6701274, at *1 n.1 (E.D. Pa. Dec. 20, 2018), where a court unveiled a plaintiff's name sua sponte because the person failed to request permission before proceeding under a pseudonym. *Id*. at 4.

---

[2] Six of the factors support the use of pseudonymous litigation: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." Three of the factors militate against the use of a pseudonym: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Provident Life*, 176 F.R.D. at 467–68

*Doe v. Office of Disciplinary Counsel*
1:24-cv-00020-WAL-EAH
Order
Page 4

In his untimely Response to the Motion to Unveil,[3] Attorney Doe acknowledged that he filed the instant lawsuit prior to seeking leave to proceed under a pseudonym, but contended that the Federal Rules did not expressly require permission before filing a complaint under a pseudonym. Dkt. No. 68 at 1-2. He added that while the Respondents cited the nine-prong test in *Provident Life*, they never applied it but simply jumped to their conclusion. *Id*. at 2. He then applied the nine factors. *Id*. at 3-9. Among the arguments Attorney Doe made was that, regarding the "reason for fear of disclosure" factor, the circumstances underlying the three complaints to the Respondents involved disputes and altercations between him and his Texas neighbors, and at least one neighbor was criminally indicted and pleaded guilty to online impersonation of Doe. *Id*. at 4. As a result, Doe was entered into an Address Confidentiality Program with the Texas Attorney General's Office. *Id*. at 5. He feared for his personal safety from the convicted former neighbor and has taken measures including reducing, if not eliminating, public exposure of his personal information to prevent the former neighbors from locating him and harming/harassing him. *Id*. Further, the disciplinary complaints included an allegation that he was "psychotic"—a mental health stigmatization. *Id*.

Concerning the "undesirability of adverse outcome attributable to insistence on confidentiality" factor, the potential stigmatization from the community and damage to the petitioner's reputation weighed in favor of anonymity. *Id.* at 6-7. Respondents have not suggested that Doe has any "illegitimate ulterior motive" in proceeding under a pseudonym; they stated only that they were at a disadvantage because they were not aware of the rationale for him doing so. *Id.* at 7. Respondents knew his identity and had other litigation with Petitioner outside the confines of this case. Considering the acrimonious nature of the other litigation and

---

[3] Petitioner filed a "Motion to Proceed Under Pseudonym" on December 4, the deadline for his opposition to the motion to unveil. Dkt. No. 48, but filed his actual opposition to the Motion to Unveil on December 16, 2024. Dkt. No. 68.

the recognition by the Virgin Islands Co-Chairs of the Board of Professional Responsibility that the ODC lacked jurisdiction over the three complaints, it was plausible that pursuit of the claims against Doe was "plain retribution." *Id*. at 8-9. Thus the "opposition to pseudonym illegitimately motivated" factor weighed in favor of anonymity. *Id*. at 9.

On December 23, 2024, Respondents filed an untimely reply. Dkt. No. 82. They reiterated that Rules 10(a) and 17(a)(1) required the name of the party and therefore Doe's decision to unilaterally proceed under a pseudonym violated the rules absent permission from the Court. *Id.* at 1-2. Further, it was Petitioner's burden to apply the nine-prong test in seeking to proceed under a pseudonym. *Id*. at 2. Although Doe stated that he was in an address confidentiality program due to fears for his safety, the complainants knew his true identity, and no threats had been made against him; moreover, the conviction of one of the Texas neighbors was not for any type of violence. *Id.* at 3. His use of the mental health stigma was misplaced because this case did not involve claims concerning mental health. *Id*. Although the Respondents could identify the attorney in the underlying disciplinary matter, it did not necessarily follow that Doe was that attorney. *Id*. at 5. They concluded that Doe failed to state any legitimate reason for proceeding under a pseudonym and allowing him to litigate anonymously could prejudice them and curtail their ability to properly defend themselves. *Id.*

On January 13, 2025, Attorney Doe filed a "Motion for Leave to File Sur-Response re: Dkt. No. 38." Dkt. No. 89. In the motion, he reiterated that the issue of maintaining his identity as confidential was of the utmost importance to him, given that the complaint before the ODC stated it was for "Attorney Disability" and involved psychological/emotional issue allegations. Respondents were wrong on the issue of personal safety. *Id*. at 1-2 & n.1. Second, Respondents made several statements of purported fact in their opposition that were categorically wrong, including that no threats of violence had been made against him, when there have been such

threats, and that the case did not involve Doe's mental health when the ODC complaint was for "Attorney Disability." *Id*. at 2.

Respondents opposed Petitioner's Motion for Leave to File a Sur-Response. Dkt. No. 90. They point out that Doe filed that motion 21 days after the initial filing and that Doe has relied heavily on confidential and nonpublic information. Thus, he was asking the Court to trust that the information he provided was unbiased and complete, where they have no ability to fact-check it. *Id*. at 2. Attorney Doe has been unable to establish entitlement to the relief sought and it would be "fundamentally unfair" for him to be allowed to file a Sur-Response without waiving the confidentiality of each document relied on. *Id.* They complain that this "endless cycle of filings is antithetical" to LRCi 7.1(a) and would only reward Doe's failure to comply with LRCi 7.1(b) by not having provided the documents in the first place. *Id.* at 2-3. Doe's reliance on "alleged filings made in another forum" should have no bearing on the Court's decision since they carry no significant legal weight; even if they had value in this action, they should have been included in earlier filings. *Id*.

### C. Motion for Leave to Proceed Pseudonymously

On December 4, 2024, Attorney Doe filed a Motion for Leave to Proceed Pseudonymously. Dkt. No. 48. He cited and incorporated his Response to the Motion to Unveil and asserted that proceeding pseudonymously was a matter of "personal safety." *Id.* at 2. He asks the Court for leave to so proceed with retroactive effect. *Id.*

The Respondents did not oppose or otherwise address this motion.

In the meantime, on December 19, 2024, the Court entered a stay of discovery pending the District Judge's ruling on the Respondents' motion to dismiss or for abstention. Dkt. No. 80. The stay does not affect the Court's ability to address the instant motions.

## DISCUSSION

The Court concludes that the briefing on both motions—the Respondents' Motion to Unveil and the Petitioner's Motion for Leave to Proceed Pseudonymously—is deficient. In order to properly address the issue, the Court will require further briefing as set forth below.

### A. Respondents' Motion to Unveil

A party must seek permission to proceed under a pseudonym because a core component of the American judicial system is that judicial proceedings should be conducted in public. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Fed. R. Civ. P. 10(a) requires parties in a lawsuit to identify themselves in their respective pleadings. *Id.* While Rule 10(a) does not expressly permit a party to proceed anonymously, courts have nevertheless allowed it in "exceptional cases," *id.*, and such a decision "rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008).

Respondents' Motion to Unveil primarily takes the position that the Petitioner was required to ask leave of the Court before he could file this action under a pseudonym. Dkt. No. 38. It offered one case, *Doe v. A Police Officer of the Solebury, Pa. Police Department*, No. 17-2268, 2018 WL 6701274, at *1 n.1 (E.D. Pa. Dec. 20, 2018), in support. The district judge in *Solebury, Pa.* noted in a footnote, sua sponte and without analysis, that because the pro se plaintiff had failed to file a motion requesting permission to proceed pseudonymously, the court would name him. That court did not refer to a rule or governing case law supporting its position that a party was required to seek permission to proceed by pseudonym at the point a case is filed. This Court declines to follow *Solebury, Pa.'s* lead, as it provides no explanation, in case law or the Federal Rules, for its action (which was arguably harsh, given that the party seeking pseudonymity was appearing pro se).[4]

---

[4] Still, case law certainly infers that a party should seek permission to proceed anonymously sooner than later, since use of a pseudonym "runs afoul of the public's common law right of

Respondents also contend that this case does not involve "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality," which district courts in this Circuit have held would permit a party to proceed under a pseudonym, and therefore Attorney Doe should not be allowed to so proceed. Dkt. No. 38 at 3-4. At the same time, however, they admitted that they were unaware of the rationale behind Doe's "action," Dkt. No. 38 at 3-4, disputed his assertions that he feared for his safety, and argued only in general terms against Doe proceeding under a pseudonym. Respondents' opening brief did not carry its burden to support the relief they sought as there were no facts before the Court that would permit it to grant them relief, and the law on one of their major points was essentially unsupported.

To compound the briefing problems, Petitioner's opposition was untimely, and he filed no motion seeking the Court's leave to file the opposition out of time. Dkt. No. 68. In addition, when applying the *Provident Life* factors, Attorney Doe argued that the circumstances underlying the ODC Cases involved disputes and altercations with his neighbors in Texas, he feared for his personal safety from those neighbors, and that the complaints contained an allegation that he was "psychotic"—i.e., a "mental health stigmatization." *Id*. at 5. But those characterizations were merely argument; he provided no document or other support for the Court to ascertain for itself the validity of his concerns. This is a key failing because the purpose of the *Provident Life* balancing test "is to allow a district court to determine whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation."

---

access to judicial proceedings." *Megless*, 654 F.3d at 408 (internal quotation marks omitted). Attorney Doe referred to so proceeding in his Complaint, but that did not translate to formally seeking leave. It was not Respondents' responsibility to raise the issue in the first instance, although they did so less than three months after the Complaint was filed. But having filed the motion, they did not have sufficient material to make their case, which was presented only in Attorney Doe's opposition and in the motion to file sur-response and opposition.

*Megless,* 654 F.3d at 409. Respondents are correct when they assert (in their opposition to Doe's motion to file a sur-reply) that he relied heavily on confidential and nonpublic information—information that he did not waive confidentiality for or seek to file under seal with his opposition to the motion to unveil—which did not allow them to assess the merits of Doe's arguments.[5] The Court concludes that Petitioner did not sufficiently support his opposition to allow the Court to assess the merits of the motion to unveil.

Respondents then filed an untimely reply to Petitioner's Motion to Unveil, Dkt. No. 82, and did not seek the Court's leave to file the reply out of time. Their reply is much more fulsome than their initial motion, as they responded to the arguments Doe made in his opposition, particularly concerning the applicability of the nine-factor test. Consequently, their reply raised entirely new arguments not included in their initial motion. But reply briefs "are not the time to present new argument," *Smithkline Beecham PLC v. Teva Pharms. USA, Inc.*, No. 04-cv-0215, 05-cv-0536, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007). "[T]he Third Circuit has consistently held new arguments in reply briefs are prejudicial and unfair, because a party cannot respond. Positions asserted for the first time in a reply brief are deemed to be waived." *Socket Mobile, Inc. v. Cognex Corp.*, No. 17-cv-156, 2017 WL 3575582, at *5 (D. Del. Aug. 18, 2017). Perhaps predictably, given the new arguments that Doe would not otherwise be able to respond to, he moved to file a sur-reply, to which Respondents filed an opposition. By this additional and late round of briefing, the Respondents sought to buttress their initial motion and Petitioner sought to buttress his opposition—both of which the Court previously concluded were deficient.

---

[5] The Respondents asserted that they had no ability to fact-check the information Doe referred to. Dkt. No. 90 at 3-4. Apparently, that information is not contained in the documents relating to the ODC complaints and related litigation. Thus, it is unclear to the Court where such information may be found.

### B. Motion to Proceed Pseudonymously

Doe's motion to proceed pseudonymously essentially adopted and incorporated the arguments made in his opposition to the motion to unveil. Dkt. No. 48. The Respondents, however, did not file an opposition—which is surprising, given their penchant to consistently over-litigate this case. Although the motion has no opposition, the Court considers it deficient for the same reasons Petitioner's opposition to Respondents' Motion to Unveil was deficient.

The Court notes that this should have been the only motion filed on this issue, in which Petitioner had the burden of setting out and supporting his request to proceed under a pseudonym, which the Respondents would then be able to properly oppose.

### CONCLUSION

Given the deficient motions, the Court rules as follows. It will deny the motion to unveil; it will deny the motion to proceed pseudonymously without prejudice; and it will deny the motion to file a sur-reply. Should the Petitioner seek to proceed pseudonymously, the Court will set a briefing schedule for him to file such a motion that addresses the deficiencies set forth above. If the facts Petitioner relies on to support his arguments are confidential or Petitioner wishes them to be confidential in this action, he shall either waive confidentiality or file a proper motion to seal those documents when he files his motion to proceed pseudonymously.

The briefing schedule will provide Respondents an opportunity to file an opposition and Petitioner to file a reply. The Court will permit no extensions to the briefing schedule.

Accordingly, it is hereby **ORDERED:**

1. The Respondents' "Motion to Unveil Attorney Doe," Dkt. No. 38, is **DENIED**.

2. The Petitioner's "Motion to Proceed Pseudonymously," Dkt. No. 48, is **DENIED WITHOUT PREJUDICE**.

3. The Petitioner's "Motion to File Sur-Response," Dkt. No. 89, is **DENIED**.

4. Should Petitioner wish to file a Motion to Proceed Pseudonymously, he shall do so by **February 24, 2025**. If Petitioner wishes to file documents to support his Motion to Proceed Pseudonymously, and if those documents are confidential or he wishes them to be confidential, Petitioner shall waive confidentiality and/or file a proper motion to seal by **February 24, 2025**.

5. Respondents shall file an opposition/response to the Motion to Proceed Pseudonymously by **March 10, 2025**.

6. Petitioner may file a reply by **March 17, 2025**.

7. The Court will permit no extensions to this briefing schedule.

ENTER:

Dated: February 11, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE