## IN THE DISTRICT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ATTORNEY DOE<br>                Petitioner,<br>v.<br><br>OFFICE OF DISCIPLINARY COUNSEL<br>OF THE SUPREME COURT OF THE<br>VIRGIN ISLANDS and KATHRYN DONNELLY,<br>in her capacity as Special Designated<br>Disciplinary Counsel,<br><br>              Respondents. | )<br>)<br>)<br>)<br>)<br>) CIVIL NO.  1:24-cv-00020<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF PETITIONER'S RENEWED MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

NOW COMES Petitioner, by and through undersigned counsel and pursuant to this Court's Order dated February 11, 2025, and hereby respectfully renews his/her request for leave of court to proceed under the pseudonym "Attorney Doe." In its February 11, 2025 Order, the Court invited Petitioner to renew his/her request for leave to proceed pseudonymously noting that additional information was necessary in order to properly decide the issue on the merits. Petitioner submits the following additional information in support of proceeding pseudonymously.

There is presently pending before the Office of Disciplinary Counsel a single complaint against Petitioner pursuant to which the complainant accuses Petitioner of "Attorney Disability" related to mental health. See *Exhibit A Filed Under Seal.* In the event these baseless accusations became public, Petitioner would be severely

stigmatized as suffering from a mental health disorder.  There are important private and public interests to be protected in permitting Petitioner to proceed pseudonymously.

A litigant may be permitted to proceed pseudonymously when the "circumstances of the case justify such use."  _Doe v. Provident Life and Acc. Ins. Co.,_ 176 F.R.D. 464, 467 (E.D.Pa. 1997).  That is, when the private interests of a Petitioner outweigh the Public's general interest in access to judicial proceedings.  As set forth in _Provident Life and Acc. Ins. Co., supra,_ the non-exhaustive criteria to be applied in weighing the interests include:

"(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

_Id._

The three (3) factors to be considered in disfavoring anonymity include:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

_Id._

In Re: Attorney Doe
1:24-cv-00020

3

Weighing the private interests of Petitioner in the framework of the _Provident Life_ analysis supports a finding that Petitioner be permitted to proceed under pseudonym. The criteria weigh out as follows:

1.  **Extent of Confidentiality** – This factor weighs the extent to which the identity of the litigant has been maintained as confidential. This factor can only weigh in favor of Petitioner proceeding pseudonymously since the identity of Petitioner has been maintained as confidential throughout both the proceeding before the Office of Disciplinary Counsel and the instant proceeding. Further, the Court should give great deference to Rule 207.13 of the Rules of Attorney Disciplinary Enforcement of the Supreme Court of the Virgin Islands which mandates as follows:

    **(a) Confidentiality. – Prior to the Hearing Panel's submission to the Court of its final report, and except as otherwise described in these rules, disciplinary and disability proceedings and the official record in such matters are confidential. If the Hearing Panel's report recommends that the matter be dismissed, that a lawyer not be transferred to disability inactive status, or that a private sanction be imposed, any further proceedings by the Court and the official record in the matter are confidential unless and until otherwise ordered by the Court.**

    As is evident from the plain language of Rule 207.13, it is intended to protect attorneys from improper reputational damage and stigmatization that would potentially arise from unfounded complaints, like the one at issue. This Court should promote that protection by

granting Petitioner leave to proceed pseudonymously and thereby maintain confidentiality of identity.

2.    **Reason for Fear of Disclosure** – This factor also weighs strongly in favor of Petitioner proceeding under the use of a pseudonym.  As noted above, the allegations of the underlying disciplinary complaint include that Petitioner suffers from an "Attorney Disability" related to mental health.  See *Exhibit A Filed Under Seal*.  Petitioner's strong fear is that he/she will be publicly pilloried as mentally disabled in the event his/her personal identity is publicly disseminated in connection with such professionally damaging remarks.  In *Provident Life and Acc. Ins. Co.,* the court placed great weight on the potential for mental health stigmatization and granted the plaintiff's motion to proceed in pseudonym. This Court should do the same.  Additionally, as the Court is aware, there have been threats against the personal safety of Petitioner in connection with the Complaint.  This is further reason to maintain the confidentiality of Petitioner's identity.

3.    **Magnitude of Public Interest in Maintaining Identity Confidential** – As noted in *Provident Life and Acc. Ins. Co.,* there is a substantial public interest in avoiding the stigmatization of litigants such as Petitioner.    Rule 207.13 of the Attorney Disciplinary Enforcement Rules is the embodiment of that public interest.  That is, attorney disciplinary proceedings are maintained as confidential to

avoid publicly subjecting an attorney to unsubstantiated (frivolous) accusations. Otherwise, such public disclosure would adversely and improperly impact the public's general perception of lawyers thereby reducing the availability of legal services to the general public. This factor weighs in support of maintaining Petitioner's anonymity.

4. **Atypical Weak Public Interest** – This case concerns complaints limited to a small group of people within a very limited geographical area distant to this forum. The underlying events themselves concern social harassment and aggression confined to two former neighbors in a particular community in Texas. The substance of the complaint has nothing to do with Petitioner's practice of law and is not the sort of stuff that the national general public, or even the Virgin Islands public, has a keen interest in or will benefit from knowledge of. There is an atypical weak public interest in this case which favors proceeding pseudonymously.

5. **Undesirability of Adverse Outcome Attributable to Insistence on Confidentiality** – The same pertinent reasons recognized by the court in *Provident Life and Acc. Ins. Co.* also apply to the instant case. That is, "because of potential stigmatization from the community and damage to [his/her] professional reputation," Petitioner could possibly decline to pursue his/her claims. The public has a strong interest in seeing that litigants, such as Petitioner, are afforded the right to test their claims

on the merits as opposed to having to forego such rights at the expense of maintaining confidentiality of identity.

6.    **Illegitimate Ulterior Motives** – Respondents have not even suggested that Petitioner has any illegitimate ulterior motive in proceeding pseudonymously. Petitioner has explained above and states, for the record, that he/she does not have any illegitimate ulterior motive in proceeding under a pseudonym. Petitioner's sole motive in proceeding pseudonymously is to avoid the improper stigmatization that would necessarily accompany any public disclosure of Petitioner's identity in connection with allegations of mental disability. There not being any illegitimate ulterior motive, this factor weighs in favor of proceeding pseudonymously.

As explained above, the six (6) personal interest factors weigh in favor of permitting Petitioner to proceed pseudonymously. The public interest against an anonymous litigant is gauged by three (3) factors which also weigh in favor of Petitioner proceeding pseudonymously:

1.    **Universal Public Interest in Identity of Petitioner** – While Petitioner acknowledges the "general public interest in access to the public identities of litigants," as explained above (#4), there is "atypical" low interest in this case due to the very few individuals impacted (5), the limited geographical scope of impact (two adjacent

former neighbors in small town) and the limited impacts are distant to the forum. At best, this factor is neutral.

2. **Subject Matter or Status of Litigant** – Neither the subject matter of this litigation or the status of Petitioner (non-public figure) warrant disclosure of Petitioner's identity. The underlying events occurred in the State of Texas and knowledge of such is of no interest or value to the people of the Virgin Islands. As such, there cannot be any "particularly strong [general public] interest" in the identity of Petitioner. This factor weighs in favor of leave to proceed pseudonymously.

3. **Opposition to Pseudonym Illegitimately Motivated** – Respondents know the identity of the Petitioner based upon the unique nature of the allegations and so cannot claim a need for public disclosure in order to defend. Respondent's opposition to Petitioner proceeding pseudonymously is rooted in Respondent's desire for retribution in connection with other acrimonious litigation pending between the parties. In its February 11, 2025 Order, the Court noted Respondent's "penchant to consistently over-litigate this case." That penchant is a manifestation of Respondent's improper drive for retribution against Petitioner. However, Respondents are bound by Rule 207.13 of the Attorney Disciplinary Enforcement Rules (confidentiality) and yet seek to negate its protection for Petitioner,

In Re: Attorney Doe
1:24-cv-00020

8

> without any expressed reason. In the absence of any proffered reason
> for any need to publicly identify Petitioner, this factor weighs in favor
> of maintaining Petitioner's anonymity.

In conclusion, it bears recognition that the Department of Justice has made it very clear, "the exclusion of applicants or restrictions imposed on them based on their status as a person with a disability or on the medication they use, do not serve the goal of ensuring fitness to practice law. Such restrictions are in fact counterproductive to ensuring that attorneys are fit to practice and violate the Americans with Disabilities Act." Under Title II of the ADA, no qualified individual with a disability shall, on the basis of disability, be excluded from participation on or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132; 28 C.F.R. § 35.130(a). Most significantly though, the application of the _Provident Life_ analysis to Petitioner's circumstances weighs in favor of granting Petitioner leave to proceed pseudonymously. Petitioner's concern is <u>not</u> "embarrassment" or "economic harm" as Respondents have suggested to the Court. Rather, the complaint before the Virgin Islands Office of Disciplinary Counsel plainly alleges issues with Petitioner's mental capacity. The court in _Provident Life_ placed great weight on the need to avoid mental health stigmatization and granted the plaintiff's request for leave to proceed pseudonymously. This Court should do the same and Petitioner should be permitted to continue this litigation under the pseudonym "Attorney Doe."

In Re: Attorney Doe
1:24-cv-00020

9

Respectfully submitted,

Bruce P. Bennett
63 Calhoun Street
Washington Depot, CT 06794
T: (475) 206-1199
F: (475) 207-0117
V.I. Bar #512
bpb@brucebennettlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February 2025, I caused a true

and exact copy of the foregoing to be served through the Court's electronic filing

system, via email, upon the parties as identified below.

Paul L. Gimenez, Esq.
General Counsel
Judicial Branch of the V.I.
P.O. Box 70
St. Thomas, VI. 00804

H. Marc Tepper
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA. 19102

Bruce P. Bennett

# EXHIBIT A

## *PETITIONER'S RENEWED MOTION FOR LEAVE TO PROCEED PSEUDONOMOUSLY*

## CONFIDENTIAL
## TO BE FILED UNDER SEAL ONLY