**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ATORNEY DOE,** | |
| Petitioner, | 1:24-cv-00020-WAL-EAH |
| v. | |
| **OFFICE OF DISCIPLINARY COUNSEL OF THE SUPREME COURT OF THE VIRGIN ISLANDS, and KATHRYN DONNELLY,** in her Capacity as Special Designated Disciplinary Counsel, | |
| Respondents. | |

**TO:**   Attorney Doe, *Pro Se*
         H. Marc Tepper, Esq.
         Paul I. Gimenez, Esq.

**ORDER**

**THIS MATTER** comes before the Court on "Petitioner's Motion to File Under Seal," filed by Attorney Doe, on February 24, 2025. Dkt. No. 94.

The background to this motion is as follows. On February 11, 2025, the Court issued an Order that, inter alia, denied, without prejudice, Petitioner's Motion to Proceed Pseudonymously, and set a briefing schedule for a renewed motion. Dkt. No. 91. The Court explained that if the facts that the Petitioner relied on to support his motion were confidential, he should file a proper motion to seal those documents. *Id.* The Order provided a February 24, 2025 deadline to refile the Motion to Proceed Pseudonymously and file a proper motion to seal. *Id.*

Attorney Doe filed his second Motion to Proceed Pseudonymously on February 24, Dkt. Nos. 92, 93, and sought an extension of time to file the supporting documents under seal,

given problems he had with the Court's electronic case filing system. Dkt. No. 95. The Court permitted him to file the proposed sealed documents by close of business on February 25, 2025. Dkt. No. 96.

Almost a week later, on March 3, 2025—without seeking further leave for his late filing—Attorney Doe filed the proposed sealed documents, Dkt. No. 97, which the Court was to assess in determining whether to grant his Motion for Leave to File Document Under Seal, Dkt. No. 94. However, the proposed sealed documents are redacted, which makes it impossible for the Court to determine whether those documents actually concern Attorney Doe. In addition, a pronoun contained in the sealed documents indicates that the subject of the document is a female, which does not conform to the gender of Attorney Doe. In the Court's view, the only way the proposed sealed documents would be helpful for the Court to assess Attorney Doe's renewed Motion to Proceed Pseudonymously would be for those proposed sealed documents to be filed unredacted so the Court can confirm that they actually involve Attorney Doe.

The Court will therefore deny the Motion to File Document Under Seal, Dkt. No. 94, and will permit Attorney Doe one last opportunity to file the proposed sealed documents in an unredacted form. Because this matter has been dragging on for a week longer than the Court had anticipated when it set out the briefing schedule for the renewed motion, it will require Attorney Doe to file the proposed sealed documents by close of business on Wednesday, March 5, 2025, and will permit no extensions. The Respondents will have until March 20, 2025 to file their response/opposition, and Petitioner shall have until March 27, 2025 to file any reply.

*Doe v. Office of Disciplinary Counsel*
1:24-cr-00020-WAL-EAH
Order
Page 3

Accordingly, it is hereby **ORDERED**:

1. The Motion for Leave to File Document Under Seal, Dkt. No. 94, is **DENIED**.

2. Should Petitioner wish to refile the documents to support his Motion to Proceed Pseudonymously as Proposed Sealed Documents, he shall file those documents unredacted. He must file those documents by **close of business on March 5, 2025** or they will not be considered.

3. Respondents shall file an opposition/response to the renewed Motion to Proceed Pseudonymously by **March 20, 2025**.

4. Petitioner may file a reply by **March 27, 2025**.

5. The Court will permit no extensions to this briefing schedule.

ENTER:

Dated: March 3, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE